Mark L. Smith (Utah Bar #11367)
Michelle Correll (California Bar # 229488)
D. Loren Washburn (Utah Bar #10993)
Jacob L. Fonnesbeck (Utah Bar #14176)
SMITH CORRELL, LLP
50 West Broadway, Suite 1010
Salt Lake City, Utah 84101
Phone: (801) 436-5550
Fax: (877) 730-5910
lwashburn@smithcorrell.com
jfonnesbeck@smithcorrell.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| S.G., by and through her general guardian, BRENT GORDON, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>JORDAN SCHOOL DISTRICT, et al.,<br><br>Defendants. | **STIPULATED ATTORNEYS' PLANNING MEETING REPORT**<br><br>Case No. 2:17-cv-00677-BCW<br><br>Judge Brooke C. Wells |

**1.     PRELIMINARY MATTERS**:

    a.     The nature of the claims and affirmative defenses is: Plaintiffs are female students who brought claims against their school districts and the Utah High School Activities Association for violation of Title IX and the Equal Protection Clause for failing to fully accommodate the athletic interests of female students.

    b.     This case is assigned to a magistrate judge under General Order 07-001 and one or more parties request reassignment to a district judge.

    c.     Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on Wednesday, October 18, 2017 by telephone in counsels' respective offices.

    The following attended:

        Brent Gordon for Plaintiffs, Mark Van Wagoner for UHSAA, and Darin Goff for school districts and superintendents.

  d. The parties do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order. An initial pretrial scheduling conference is set before Magistrate Judge Evelyn J. Furse on November 8, 2017, at 11:30 a.m.

  e. The parties will exchange by November 10, 2017, the initial disclosures required by Rule 26(a)(1).

  f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2.** **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan:

  a. Discovery is necessary on the following subjects: Discovery will be conducted regarding student participation in high school athletic activities, developing interests of female students in athletics, and in particular football, Defendants' efforts to accommodate female students' interests in athletics, and Defendants' efforts to comply with Title IX and the Equal Protection Clause by affording athletic opportunities to its female students.

  b. Discovery Phases.

  Discovery will not be conducted in phases.

  c. Designate the discovery methods to be used and the limitations to be imposed.

    (1) Oral Exam Depositions

    Plaintiffs combined may take up to fifteen depositions.
    Defendants combined may take up to fifteen depositions.
    Maximum no. hrs. per deposition is seven.

  (2) For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.

    Interrogatories: 25

    Admissions: 25

    Requests for production of documents: 25

  (3) Other discovery methods: Subpoenas

 d. Discovery of electronically stored information should be handled as follows: all documents will be produced in native .jpg or .tiff format with load files, suitable for being downloaded into Relativity, Case Logistix, or another similar document management system.

 e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: The parties agree to be bound by the provisions of Fed R. Civ. P. 26(b)(5)(B).

 f. Last day to file written discovery: 2/15/18.

 g. Close of fact discovery: 4/15/18

 h. Final date for supplementation of disclosures under Rule 26 (a)(3) and of discovery under Rule 26 (e): per rule.

**3. AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

 a. The cutoff dates for filing a motion to amend pleadings are:
  Plaintiffs: 1/15/18 Defendants: 1/15/18

 b. The cutoff dates for filing a motion to join additional parties are:
  Plaintiffs: 1/15/18 Defendants: 1/15/18

**4. EXPERT REPORTS**:

Reports from experts under Rule 26(a)(2) will be submitted on:

  Parties bearing burden of proof: 5/15/18

  Response: 6/15/18

**5. OTHER DEADLINES**:

    a.    Expert Discovery cutoff: 7/15/18

    b.    Deadline for filing dispositive or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case: 7/15/18.

    c.    Deadline for filing partial or complete motions to exclude expert testimony: 7/15/18.

**6.    ADR/SETTLEMENT**:

    a.    The potential for resolution before trial is fair.

    b.    This case should not be referred to the court's alternative dispute resolution program for mediation.

    c.    The parties do not intend to engage in private alternative dispute resolution for mediation.

    d.    The parties will re-evaluate the case for settlement/ADR resolution on 7/15/18.

**7.    TRIAL AND PREPARATION FOR TRIAL:**

    a.    The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

    b.    This case should be ready for trial by 8/15/18.
        Specify type of trial:   Jury.

    c.    The estimated length of the trial is:  six days.

/s/ Brent Gordon
_____    Date: 10/18/17
Brent Gordon for Plaintiffs

/s/ Darin B. Goff
_____    Date: 10/18/17
Darin B. Goff for Defendants, School Districts
and Superintendents

/s/ Mark O. Van Wagoner
_____    Date: 10/18/17
Mark O. Van Wagoner for Defendant, UHSAA