# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| S.G., by and through her general guardian, BRENT GORDON et al., <br><br> Plaintiffs, <br><br> v. <br><br><br> JORDAN SCHOOL DISTRICT et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING FOURTH MOTION FOR LEAVE TO AMEND** <br><br><br><br> Case No. 2:17-cv-677 <br><br><br> Howard C. Nielson, Jr. <br> United States District Judge |

Plaintiffs are a group of female high school students who seek additional athletic opportunities, including girls' football teams, at their schools. Months after the court certified a class of female students who seek to play football, but not a broader proposed class of female athletes, Plaintiffs moved to amend their complaint to name additional plaintiffs and to expand their request for relief by seeking nominal damages for previously alleged violations of Title IX. But the time for moving to amend or to add parties has long passed. For the following reasons, Plaintiffs' motion is denied.

On February 26, 2018, Magistrate Judge Pead issued an amended scheduling order setting deadlines for discovery; motions to amend or add parties; expert disclosures, reports, and discovery; dispositive motions and motions to exclude expert testimony; and requesting a pretrial scheduling conference. Dkt. No. 51 at 2. Most relevant here, this order established July 15, 2018, deadlines both for motions to amend and for motions to add parties. *Id.*

On August 15, 2018, one month after these deadlines had passed, the parties moved to extend the deadline to serve written discovery and "adjust all other deadlines accordingly." Dkt. No. 101 at 1. Magistrate Judge Pead granted the motion. *See* Dkt. No. 102. On October 9, 2018, Chief Judge Shelby issued the class certification ruling. *See* Dkt. No. 115. He then ordered the parties to submit a revised scheduling proposal. *See* Dkt. No. 119. On November 5, 2018, the parties moved to amend the schedule by delaying all of the outstanding deadlines by seven to nine months. *See* Dkt. No. 120. Judge Pead granted the request on November 21, 2018. *See* Dkt. No. 123.[1] Neither the August order nor the November order referenced, let alone explicitly changed, the deadlines for motions to amend or for motions to add parties.

On February 20, 2019, Plaintiffs moved to amend their complaint to add more plaintiffs and expand their request for relief. *See* Dkt. No. 130. Concluding that the November scheduling order (and presumably the August order) "did not change the previously established and passed July 15, 2018 cutoff date to amend pleadings or join parties," Chief Judge Shelby denied the motion without prejudice, giving Plaintiffs leave to file a new motion demonstrating that they could satisfy Federal Rule of Civil Procedure 16(b)(4)'s "good cause" requirement for modifying

---

[1] The November order established new deadlines for discovery; expert disclosures, reports, and discovery; dispositive motions and motions to exclude expert testimony; and requesting a pretrial scheduling conference. *See* Dkt. No. 123 at 2.

scheduling orders. Dkt. No. 154 at 2–5. Plaintiffs filed a fourth motion for leave to amend, which is now before the court. *See* Dkt. No. 157.

## I.

Plaintiffs devote much of their briefing to arguing that Chief Judge Shelby was wrong and that either the August or the November order vacated the July 15, 2018, deadlines. Accordingly, Plaintiffs argue, Rule 16 does not apply to their motion, and they need satisfy only the more lenient requirements of Federal Rule of Civil Procedure 15. The court agrees with Chief Judge Shelby that the July 15 deadlines for motions to amend and motions to add parties remain binding and rejects Plaintiffs' arguments.

Courts have repeatedly held that expired deadlines need not be restated in amended scheduling orders to remain binding. *Cole v. Sandel Med. Indus., L.L.C.*, 413 F. App'x 683 (5th Cir. 2011), is particularly instructive. There, the case was reassigned to a different judge after the deadline for amending the complaint had passed. *Id*. at 688. The new judge vacated the original scheduling order and issued an amended order. *Id*. After the plaintiff's subsequently filed motion to amend was denied under Rule 16, she moved for reconsideration, arguing that "no pleading deadline existed"—and thus that Rule 16 did not apply—"because the court's [later] order vacated and withdrew the original scheduling order and the amended order contained no such deadline." *Id.* at 689. Both the district court and the Fifth Circuit rejected this argument, concluding that "[t]he new order 'did not change any deadlines which had already passed, but merely set new deadlines for future events.'" *Id.* (quoting district court order). Other courts follow the same rule. *See Thomason v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, No. 6:14-CV-04895, 2017 WL 10901214, at *5 (D.S.C. Mar. 6, 2017) ("The few authorities that address the issue indicate that a previous scheduling order's deadline for submitting a filing is not negated

3

merely because a subsequent scheduling order omits a deadline for submitting the filing.").
*Burlington N. Santa Fe Ry. Co. v. A 50-Foot Wide Easement*, invoked by Plaintiffs, is readily distinguishable: in that case, "neither the original order nor the amendments contained a deadline for amendments to pleadings." 346 F. App'x 297, 304 (10th Cir. 2009). Where, as here, an earlier scheduling order did establish certain deadlines, and those deadlines were omitted from a subsequent order only after they had come and gone, the cases appear unanimously to hold that the omitted deadlines remain binding.

This rule is supported not only by precedent but also by the text of Rule 16. That rule mandates that "[t]he scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The court will not lightly read an amended scheduling order to violate this Rule by omitting required deadlines. Where such an order omits required deadlines that have already passed, it is far more reasonable to view the omission as reflecting an implicit understanding that such deadlines need not be repeated.

The court accordingly rejects Plaintiffs' arguments that either the August or the November scheduling order implicitly eliminated the already-passed July 15 motion deadlines. To be sure, the August order not only explicitly extended the deadline for serving written discovery but also adjusted "all other deadlines . . . accordingly." Dkt. No. 102 at 2. It is not difficult to understand how the outstanding deadlines could be adjusted "accordingly" since all of them had been scheduled to occur after the deadline for serving written discovery and involved matters, such as the close of discovery, expert disclosures, dispositive motions, and the pretrial conference, that would ordinarily (and often necessarily) postdate this deadline. Since the deadline for serving written discovery was extended until 30 days after a ruling on class

certification, the other deadlines would presumably be extended to preserve the same sequence and intervals among the deadlines that had been established by the previous scheduling order. It is not clear, however, how deadlines that had already passed could be extended "accordingly." Preserving the same sequence and intervals established by the February order would require that the deadlines for motions to amend and motions to add parties be one month before the deadline for serving written discovery—immediately upon (if not before) issuance of the class certification ruling. That would make little sense. It is far more natural to read the August 15 order simply to extend all deadlines that had not yet passed.[2]

Drawing from the law of contracts, Plaintiffs also argue that the subsequent orders not merely amended, but entirely superseded, the February order and that the February order thus has no continuing legal effect. Even assuming this distinction applies in the quite different context presented here, Plaintiffs' argument is unavailing. For under Utah law, an agreement supersedes an earlier one only when it is "plainly shown that that was the intent of the parties." *Foote v. Taylor*, 635 P.2d 46, 48 (Utah 1981). "[T]his is usually where the later contract *fully covers* an earlier one." *Id.* (emphasis added). Here, of course, neither the August order nor the November order "fully covers" the subject matter of the February order—to the contrary, both omit deadlines that had already passed, including the deadlines for motions to amend and motions to add parties.

---

[2] Even if the court were to read the August order to extend the deadlines for motions to amend and motions to add parties, it would not view the August order as extending these deadlines any later than 30 days after the class certification ruling—it would make no sense whatsoever to read an order extending the deadline for serving written discovery and adjusting all other deadlines "accordingly" not only to collapse the interval between these motion deadlines and the deadline for written discovery requests but also to reverse the sequence of these deadlines. And the November scheduling order neither explicitly extended the deadlines for motions to amend and motions to add parties nor contained general language comparable to the August order. Accordingly, Plaintiffs' motion would still be untimely.

## II.

In the alternative, Plaintiffs argue that they satisfy the Rule 16 standard—that there is good cause to amend. But "[i]n the Tenth Circuit, good cause 'requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *McCubbin v. Weber Cty.*, No. 1:15-CV-132, 2018 WL 6602210, at *5 (D. Utah Dec. 17, 2018) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). Good cause to amend does not exist where a party fails to act "due to an error of law or fact, a strategic decision, or a mere oversight." *Packers Sanitation Servs., Inc., Ltd. v. Moroni Feed Co.*, No. 2:17-CV-01222, 2018 WL 3966281, at *3 (D. Utah Aug. 17, 2018). Indeed, "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (collecting cases).

The premise of Plaintiff's motion is that two developments, taken together, justify their motion to amend. First, in late Spring or Summer of 2018, Plaintiff M.C. graduated from high school and both she and her younger sister I.C. moved. *See* Dkt. No. 157 at 7. Second, Chief Judge Shelby denied the motion to certify one of the two proposed classes. *See* Dkt. No. 115 at 6–8. As a result of these developments, Plaintiffs fear they may now lack standing to maintain some of their claims against the Canyons School District because no remaining named Plaintiff currently attends a high school in that District and the proposed class of all female athletes or potential athletes was not certified. *See* Dkt. No. 130 at 3–4; *cf.* Dkt. No. 130-1 at 24–30 (proposed claim on behalf of class of female athletes). Plaintiffs seek to add new plaintiffs who attend high school within the District to ensure their standing to seek prospective relief against this Defendant. Plaintiffs also seek to add a request for nominal damages to ensure that M.C. and

6

I.C. can maintain a challenge to the lawfulness of at least the District's past actions. Dkt. No. 130 at 4.

The court rejects Plaintiffs' contention that these developments justify their belated motion. Plaintiffs' motion was filed four months after Chief Judge Shelby's class certification ruling, seven months after the deadline for motions to amend or to add parties, and nine months after M.C. graduated and I.C. and M.C. moved, *see* Dkt. No. 170 at 2 n.5.

Plaintiffs fail to justify this delay. There was always the possibility that some of the Plaintiffs would move or graduate and, in fact, Plaintiffs knew that M.C. had graduated and that she and I.C. had moved before the deadlines for motions to amend and motions to add parties. There was also always the possibility that Chief Judge Shelby would refuse to certify one (or both) of the proposed classes. And, after M.C graduated and she and I.C. moved, Plaintiffs should have known that standing problems could arise if the court declined to certify one or more of the proposed classes. Plaintiffs not only neglected to move to amend or add parties, but also failed even to flag the possibility that such a motion might be necessary—and they failed to do so not only before the July 15 deadline had passed but also in connection with the stipulated August and November orders. At best, Plaintiffs' inaction reflected oversight, which is insufficient to establish good cause. *See Packers Sanitation*, 2018 WL 3966281, at *3; *Hess v. Salt Lake Cty*, No. 2:13-CV-00687, 2016 WL 3039629, at *2 (D. Utah Apr. 1, 2016) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.") (citations omitted). And if awaiting the class certification ruling before raising this issue was a strategic decision, *see* Dkt. No. 171 at 7; Dkt. No. 157 at 7, that likewise fails to establish good cause. *See Packers Sanitation*, 2018 WL 3966281, at *3. While Plaintiffs may be correct that identifying individuals willing to replace M.C. and I.C. necessarily took some time, *see* Dkt.

7

No. 157 at 9, Plaintiffs could have begun this process as soon as they knew it might prove necessary—and they certainly could have done so well before the class certification ruling. More important, not only the pendency of the July 15 deadline but also the various subsequent motions to amend the scheduling order afforded Plaintiffs multiple opportunities to request modified deadlines for motions to amend and motions to add parties. Plaintiffs failed to do so. Courts have repeatedly rejected motions to amend after comparable unjustified delays. *See, e.g.*, *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248 (10th Cir. 2015); *Johns v. AutoNation USA Corp.*, 246 F.R.D. 608, 610 (D. Ariz. 2006).

This case is now three years old. Fact discovery has ended and expert reports have been completed. Plaintiffs have moved for summary judgment with respect to the class that Chief Judge Shelby did certify, *see* Dkt. No. 160, and Defendants may well file a cross-motion within thirty days of this order, *see* Dkt. No. 179. By Plaintiffs' own admission, granting the motion to amend at this late date would allow Plaintiffs to maintain claims and seek remedies that might not otherwise be at issue in light of the class certification ruling. *See, e.g.*, Dkt. No. 171 at 2, 9–10. These claims and remedies might well raise additional factual issues that would require additional discovery. In short, there is little doubt that granting Plaintiffs' motion would prolong the litigation for the existing parties. For all of these reasons, the court finds that Plaintiffs have failed to show good cause to amend.

## ORDER

For the foregoing reasons, the court DENIES Plaintiff's motion for leave to file a fourth amended complaint. IT IS SO ORDERED.

DATED this 27th day of September, 2019.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge