IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRENT GORDON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JORDAN SCHOOL DISTRICT, *et al.*, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISQUALIFY COUNSEL** <br><br> Case No. 2:17-cv-00677 <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

Plaintiffs are a group of female high school students (many joined by their parents or guardians) who seek additional athletic opportunities, including girls' football teams, at their schools. Although Brent Gordon has actively represented Plaintiffs in this litigation for more than three years, and although Mr. Gordon has agreed to withdraw as counsel before trial, Defendants moved to disqualify Mr. Gordon just weeks before the trial is scheduled to begin. For the following reasons, Defendants' motion is denied.

I.

Mr. Gordon has been deeply involved in girls' football clubs and in the creation and development of the Utah Girls Tackle Football League. *See* Dkt. No. 247 at 2. In his capacity as general guardian of one of the minor Plaintiffs, Mr. Gordon is a party to the case. Besides also representing Plaintiffs as one of several counsel before trial, Mr. Gordon will be the primary fact witness for numerous elements of Plaintiffs' claims and has been designated as an expert witness regarding the number of players required to sustain varsity-level football teams and the number of teams required to sustain varsity-level competition. *See id.* at 4–5. Mr. Gordon has been deposed twice in this case, once as a fact witness and once as an expert witness. *See* Dkt. No.

261 at 3. These depositions took place on November 27, 2018, and October 29, 2019. *See* Dkt. Nos. 261-1, 261-2.

On October 9, 2018, the court declined to designate Mr. Gordon as class counsel because he will likely be a necessary witness at trial. *See* Dkt. No. 115. Since then, Mr. Gordon has actively represented Plaintiffs in pre-trial proceedings. On July 1, 2020, Defendants moved to disqualify Mr. Gordon as counsel for Plaintiffs, even though Mr. Gordon and Plaintiffs have indicated that he will withdraw before trial. The bench trial for this case is scheduled to begin on September 8, 2020. If granted, Defendants' motion would thus affect Mr. Gordon's status only during the short period remaining before trial.

## II.

"It is well-established that ordinarily the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and is thus a matter of judicial discretion." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (cleaned up). The moving party bears the burden of persuasion on a motion to disqualify counsel. *See Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994).

Two sources of authority govern motions to disqualify counsel in this Circuit. First, attorneys are bound by the local rules of the court in which they appear, and federal district courts usually adopt the Rules of Professional Conduct of the States where they are located. *See Cole*, 43 F.3d at 1383. Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law. *See id.* (internal citations omitted).

Under this court's local rules, attorneys appearing here are bound by the Utah Rules of Professional Conduct. *See* DUCivR 83-1.5.1(a). Rule 3.7(a) of the Utah Rules of Professional Conduct governs disqualification of attorneys who will likely be witnesses at trial:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work substantial hardship on the client.

UT R RPC Rule 3.7.

"The sanction of disqualification of counsel in litigation situations should be measured by the facts of each particular case as they bear upon the impact of counsel's conduct upon the trial." *Parkinson*, 857 F. Supp. at 1476. One important consideration is the stage of the proceedings at which disqualification is sought: although Rule 3.7(a) generally bars a necessary witness from acting as an advocate at trial, it does not automatically disqualify such a witness from acting as counsel during pre-trial proceedings. *See, e.g., DP Creations LLC v. Ortiz*, No. 2:19-CV-948 HCN DBP, 2020 WL 1249480, at *3 (D. Utah Mar. 16, 2020). Disqualification of counsel from pre-trial activities may nevertheless be appropriate when those activities "includ[e] obtaining evidence which, if admitted at trial, would reveal the attorney's dual role." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 239 F. Supp. 2d 1170, 1174 (D. Colo. 2003) (quoting *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1303 (D. Colo. 1994)). Courts may also consider factors such as "[t]he egregiousness of the violation, the presence or absence of prejudice to the other side, and whether and to what extent there has been a diminution of effectiveness of counsel." *Parkinson*, 857 F. Supp. at 1476.

In this case, Rule 3.7(a) clearly bars Mr. Gordon from acting as an advocate at trial. Mr. Gordon is likely to be a necessary witness at trial and none of Rule 3.7(a)'s exceptions apply. The court need not disqualify Mr. Gordon from representing Plaintiffs at trial, however, because Plaintiffs have already agreed that Mr. Gordon will withdraw before the trial begins. *See* Dkt. No. 252 at 2. Indeed, Plaintiffs so notified Defendants before they filed this motion. *See id*. The court thus need decide only whether Mr. Gordon should be disqualified as counsel for the few short weeks that remain before trial.

As noted above, one relevant consideration in deciding whether Mr. Gordon should be barred from representing Plaintiffs in pre-trial activities is whether those activities "includ[e] obtaining evidence which, if admitted at trial, would reveal the attorney's dual role." *Merrill Lynch*, 239 F. Supp. 2d at 1174 (D. Colo. 2003) (internal citation omitted). Defendants contend that Mr. Gordon's deposition testimony revealed his dual role. *See* Dkt. No. 261 at 3–4. Both of Mr. Gordon's depositions occurred long before Defendants filed this motion, however. *See* Dkt. No. 247. To whatever extent Mr. Gordon's dual role at these depositions violated Rule 3.7(a) or prejudiced Defendants, the violation and prejudice have already happened, and the court will not at this late date determine whether Mr. Gordon should have been disqualified as acting as counsel during the discovery phase of this litigation.[1]

Indeed, whether discovery has closed is a significant consideration in deciding motions to disqualify counsel. In *Merrill Lynch*, the court held that disqualification at the pre-trial stage was

---

[1] Defendants also contend that Mr. Gordon made an improper request to Jordan School District for information clearly related to this litigation under Utah's Government Records Access and Management Act. *See* Dkt. No. 261 at 5. But Defendants learned of this request on November 18, 2019. *See* Dkt. No. 217-3. To the extent this request prejudiced Defendants, it thus did so long before they filed this motion.

4

not necessary because discovery had already closed. *See Merrill Lynch*, 239 F. Supp. 2d at 1174; *cf. World Youth Day*, 866 F. Supp. 1297. The court there held that although the counsel was disqualified from acting as trial counsel, he was free to act as counsel in pre-trial matters, including strategy sessions, pre-trial hearings, settlement conferences, and motions practice. *See Merrill Lynch*, 239 F. Supp. 2d at 1174. In this case, except for two depositions relating to Plaintiffs' recent designation of Dr. Donna A. Lopiano as an expert witness (neither of which involves Mr. Gordon as a deponent), discovery closed long ago and Defendants have identified no more contemplated pre-trial activity that risks eliciting evidence that would reveal Mr. Gordon's dual role.

Defendants' only assertions of recent prejudice from Mr. Gordon's dual roles are (1) that Mr. Gordon has communicated with an employee of Jordan School District regarding topics related to this litigation without the permission of counsel for the Districts and (2) that Mr. Gordon took positions in communications with Defendants that were later disavowed and corrected by his co-counsel. *See* Dkt No. 261 at 9. The first allegation, if true, is troubling. Under the Utah Rules of Professional Conduct, Mr. Gordon may not unilaterally communicate with individuals represented by counsel while he is representing Plaintiffs. *See* UT R RPC Rule 4.2. Although the court admonishes Mr. Gordon to avoid such communications, it does not find this asserted violation, standing alone, sufficient to disqualify Mr. Gordon from representing Plaintiffs for the few short weeks remaining before trial.

The court notes as well that in this case there will be a bench trial. Although Rule 3.7(a) is not limited to jury trials, courts have found that its primary purpose is to avoid "jury confusion at trial." *Merrill Lynch*, 239 F. Supp. 2d at 1174; *cf. Lowe v. Experian*, 328 F. Supp. 2d 1122, 1126 (D. Kan. 2004) ("[Rule 3.7(a)'s] primary purpose is to avoid jury confusion at trial.");

*Darnell v. Merchant*, No. 17-cv-3063-EFM-TJJ, 2017 WL 2618823, at *3–5 (D. Kan. June 16, 2017) ("One of the strongest rationales for this lawyer-witness rule is to prevent jury confusion over the separate roles of an advocate and a witness."). There will thus be no jury confusion at trial and this court is confident that it can distinguish between Mr. Gordon's dual roles.

\*   \*   \*

For all of these reasons, Defendants' Motion to Disqualify Counsel is **DENIED**.

**IT IS SO ORDERED.**

DATED this 17th day of August 2020.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

6